1  DENNIS M. BROWN, Bar No. 126575
   MARLENE S. MURACO, Bar No. 154240
2  TODD K. BOYER, Bar No. 203132
   LITTLER MENDELSON
3  A Professional Corporation
   50 West San Fernando Street
4  15th Floor
   San Jose, CA  95113.2303
5  Telephone:    408.998.4150
   Fax No.:      408.288.5686
6
   Attorneys for Defendant
7  CONNECTICUT GENERAL LIFE INSURANCE
   COMPANY
8

ENDORSED
FILED
ALAMEDA COUNTY

JUL 24 2008

CLERK OF THE
BY KMEJ GARLON

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11  JOSH HAZEL, on behalf of himself, the          Case No.  RG08393484
    general public, and all others similarly
12  situated,                                      **NOTICE TO PLAINTIFF OF REMOVAL
                                                   OF CIVIL ACTION TO FEDERAL COURT**
13                     Plaintiffs,
                                                   **28 U.S.C. § 1441(B) DIVERSITY**
14            v.

15  CONNECTICUT GENERAL LIFE
    INSURANCE COMPANY, a Connecticut               Trial Date:  None
16  corporation; and DOES 1 through 10,            Complaint Filed:  June 18, 2008
    inclusive,
17                                                 BY FAX
                       Defendants.
18

19          TO PLAINTIFF, JOSH HAZEL, AND HIS ATTORNEY OF RECORD:

20          PLEASE TAKE NOTICE that a Notice of Removal of this action was filed by

21  Defendant Connecticut General Life Insurance Company, in the United States District Court for the

22  Northern District of California, on July 24, 2008, pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and (d),

23  1441, and 1446.  A copy of said Notice of Removal is attached to this Notice and is served herewith.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

                                              Case Number: RG08393484

       NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    Dated: July 24, 2008

2

3                              DENNIS M. BROWN
                              MARLENE S. MURACO
4                              TODD K. BOYER
                              LITTLER MENDELSON
5                              A Professional Corporation
                              Attorneys for Defendant
6                              CONNECTICUT GENERAL LIFE INSURANCE
                              COMPANY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

2.

Case Number: RG08393484

NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 24, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

in a sealed envelope, postage fully paid, addressed as follows:

Eric M. Epstein, Esq.                    ATTORNEYS FOR PLAINTIFFS
Eric M. Epstein, APC                     JOSH HAZEL, on behalf of himself,
1901 Avenue of the Starts, #1100         the general public, and all others
Los Angeles, CA 90067-6002               similarly situated

Walter Haines, Esq.
United Employees Law Group, PC
65 Pine Avenue #312
Long Beach, CA 90802

Mark R. Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 24, 2008, at San Jose, California.

_____
April Ignaitis

Firmwide:85974928.1 025360.1102

Case Number: RG08393484

**NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

# EXHIBIT 1

ADR    E-FILING

1

2    DENNIS M. BROWN, Bar No. 126575
     e-mail: dmbrown@littler.com
3    MARLENE S. MURACO, Bar No. 154240
     e-mail: mmuraco@littler.com
4    TODD K. BOYER, Bar No. 203132
     e-mail: tboyer@littler.com
     LITTLER MENDELSON
5    A Professional Corporation
     50 West San Fernando Street
6    15th Floor
     San Jose, CA  95113.2303
7    Telephone:    408.998.4150

8    Attorneys for Defendant
     CONNECTICUT GENERAL LIFE INSURANCE
9    COMPANY

**ORIGINAL FILED**

JUL 2 4 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA    **MMC**

13   JOSH HAZEL, on behalf of himself, the        Case No.
     general public, and all others similarly     **C08  03552**
14   situated,,                                    DEFENDANT CONNECTICUT GENERAL
                                                   LIFE INSURANCE COMPANY'S NOTICE
15                 Plaintiffs,                     OF REMOVAL OF ACTION TO
                                                   FEDERAL COURT
16         v.

17   CONNECTICUT GENERAL LIFE
     INSURANCE COMPANY, a Connecticut
18   corporation, and DOES 1 through 10,
     inclusive,,
19
                   Defendants.
20

21   TO THE CLERK OF THE ABOVE ENTITLED COURT:

22           PLEASE TAKE NOTICE that Defendant Connecticut General Life Insurance

23   Company ("Defendant") hereby removes the above-entitled action, Case No. RG08393484, from the

24   Superior Court of the State of California, County of Alameda, to the United States District Court for

25   the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1332(d), 1441, and

26   1446.

27   I.    **JURISDICTION**

28           This Court has jurisdiction on the following grounds: (1) that the parties have diverse

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                        (No.  )

citizenship and the amount in controversy exceeds $75,000; (2) that a federal question of law exists as plead in the Complaint; and (3) on the basis of the Class Action Fairness Act "CAFA."

### A.    Diversity Jurisdiction

1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).  This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

### B.    Federal Question Jurisdiction

1.    The U.S. District Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil action founded on a claim or right arising under the laws of the United States.

### C.    Class Action Fairness Act Jurisdiction

1.    The Court also has jurisdiction is based on 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA" or the "Act"), and 28 U.S.C. § 1441(b).  This Court has removal jurisdiction under the Act.  In relevant part, the Act grants federal courts jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the aggregate matter in controversy exceeds the sum of $5,000,000, exclusive of interests and costs.  The Act authorizes removal of such actions under 28 U.S.C. § 1446.

## II.    GENERAL INFORMATION

1.    On June 13, 2008, Plaintiffs filed their Complaint in the Superior Court of the State of California, County of Alameda, entitled, JOSH HAZEL et al v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY CORPORATION, and DOES 1 through 10, designated as Case No. RG08393484, hereinafter the "Complaint."

2.    In the Complaint, Plaintiffs allege that Defendant failed to pay overtime wages in violation of both California and Federal law, failed to provide itemized wage statements in accordance with California law, failed to pay minimum wage in accordance with California and Federal law, a claim for civil penalties under California Labor Code section 2699.  True and correct

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                           2.

1    copies of Plaintiff's Summons and Complaint from the Alameda County Superior Court are attached

2    hereto as Exhibit "A."

3          3.      Defendant was served with the Complaint on June 25, 2008, and on July 22,

4    2008, Defendant filed its General Denial and Affirmative Defendants to Plaintiff's Complaint

5    pursuant to California Code of Civil Procedure section 431.30 in the Alameda County Superior

6    Court.   A true and correct copy of Defendant's General Denial and Affirmative Defenses to

7    Plaintiff's Complaint is attached hereto as Exhibit "B."

8          4.      There is no other defendant, other than Connecticut General Life Insurance

9    Company named in Plaintiff's Complaint.

10         5.      This Notice to Federal Court of Removal of Civil Action is timely in that it is

11    filed within 30 days of June 25, 2008, the date Defendant was served with Plaintiffs' Complaint.

12    Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v. Demco, Inc.,

13    792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served

14    with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp.2d 1223, 1229

15    (C.D. Cal. 2000) (same).

16         6.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441

17    because it is a civil action over which this Court has original jurisdiction based on diversity of

18    citizenship, federal question jurisdiction, and jurisdiction under the CAFA.

19    **III.  JURISDICTION**

20        **A.  FEDERAL QUESTION JURISDICTION**

21         This removal is based upon the existence of a federal question.  28 U.S.C. §§ 1331;

22    1441(a), (b), (c).  Plaintiff's Complaint refers to and arises out of alleged violations of a federal

23    statute, namely the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.   Plaintiff's

24    Complaint alleges multiple violations of the FLSA, including: (1) an alleged violation of sections

25    207 and 216 of the FLSA for not paying overtime due; and (2) an alleged violation of section 206(a)

26    of the FLSA for failing to pay the minimum wage.  (See Exhibit A, Plaintiff's Complaint, ¶ 30-35,

27    45-50.)

28         Accordingly, Plaintiff's Complaint presents a federal question conferring removal

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT            3.

1   jurisdiction to the Northern District of California pursuant to 28 U.S.C. § 1441(b).

2   **B.    DIVERSITY**

3   **1.    Citizenship of the Parties**

4   The Court also has jurisdiction on Diversity grounds for removal exist based upon the
5   following:

6   a.    Defendant is informed and believes that Plaintiff is, at the time of
7   commencing this action, and still is, a citizen of the State of California. (See Plaintiff's Complaint, ¶
8   7, Ex. "A."). Only the citizenship of the named parties in a class action (the representative plaintiff
9   and defendants) is considered for diversity purposes. That the action is maintained on behalf of
10  other, potentially non-diverse class members does not affect diversity jurisdiction. See Snyder v.
11  Harris 394 U.S. 332, 339–340 (1969).

12  b.    At the time this action was commenced in state court, Defendant was,
13  and still is, a corporation incorporated under the laws of the State of Connecticut with its principal
14  place of business in the state of Connecticut. Thus, Defendant is not a citizen of the State of
15  California. 28 U.S.C. § 1332(c)(1).

16  c.    Defendants designated as DOES 1 through 10 are fictitious defendants,
17  are not parties to this action, have not been named or served, and are to be disregarded for the
18  purpose of this removal. 28 U.S.C. § 1441(a). McCabe v. General Foods Corp., 811 F.2d 1336,
19  1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

20  d.    No other party has been named or has been served as of the date of this
21  removal.

22  **2.    $75,000 Amount In Controversy For Single Plaintiff Diversity Purposes**

23  a.    In order to satisfy the $75,000 amount in controversy requirement, the
24  removing party must demonstrate that the amount in controversy "more likely than not" exceeds
25  $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

26  b.    The District Court may consider whether it is facially apparent from
27  the Complaint that the jurisdictional amount is met. Singer v. State Farm Mutual Auto Ins. Co., 116
28  F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                          4.

1   1196, 1198 (N.D. Cal. 1998).  Although Defendant denies the validity of Plaintiff's claims and

2   requests for relief thereon, the facial allegations in Plaintiff's Complaint and their claimed damages

3   are in excess of the jurisdictional minimum.  See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298

4   (5th Cir. 1999) (finding that damages sought by plaintiff, although silent as to an amount, were

5   sufficient to support a finding of jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th

6   Cir. 1995) (stating that "defendant can show by a preponderance of the evidence that the amount in

7   controversy is greater than the jurisdictional amount"); accord Gaus v. Miles, Inc., 980 F.2d 564,

8   566-67 (9th Cir. 1992); White v. FCI USA, Inc., 319 F.3d 672, 674-76 (5th Cir. 2003) (facially

9   apparent from the lengthy list of damages, combined with a claim for attorneys' fees that plaintiff's

10  claim exceeded the jurisdictional threshold).

11              c.     Plaintiff's Complaint asserts seven causes of action for: (1) Unpaid

12  overtime in violation of the California Labor Code; (2) Unpaid overtime in violation of the Fair

13  Labor Standards Act, 29 U.S.C. § 207, 216; (3) Knowing and intentional failure to provide an

14  itemized wage statement in violation of California Labor Code section 226(a); (4) Failure to pay the

15  minimum wage under California Labor Code, sections 1182.12; 1197; (5) Failure to pay the

16  minimum wage under the Fair Labor Standards Act; (6) Violation of the California Private

17  Attorneys' General Act, California Labor Code section 2699; and (7) Unfair business practices under

18  California Business and Professions Code § 17200, et seq.

19              d.     In the First Cause of Action, Plaintiff claims unpaid overtime and

20  penalties pursuant to California Labor Code sections 510 and 558.  Plaintiff's hourly rate of pay was

21  $18.47 per hour.  The applicable overtime rate would be $27.71 per hour.  Plaintiff is seeking

22  overtime pay for four years prior to filing the complaint. (Plaintiff's Complaint, ¶ 11. A.)  Although

23  Plaintiff did not specify the number of hours of overtime he is due in the Complaint, even assuming

24  that he worked only 4 overtime hours per month, his claimed damages would be $ 5,320.32 ($27.71

25  x 4 hours x 48 months).

26              e.     Penalties under California Labor Code section 558 are $50 for the first

27  violation with $100 for every additional violation for up to one year. Cal. Code Civ. Proc. § 340,

28  558.  Defendant pays its employees every two weeks, or pays 26 pay periods per year.  Thus, a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                              5.

1    year's worth of penalties for a violation of section 510 would potentially be $2,550.

2          f.      The Fair Labor Standards act provides for liquidated damages for a

3 violation of the Act. See 29 U.S.C. § 216(b). Liquidated damages can be awarded up to the amount

4 awarded in actual unpaid wages for up to three years. Thus, Plaintiff could be awarded an additional

5 $3,990.24 ($27.71 x 4 hours x 36 months) in liquidated damages.

6          g.      Plaintiff also seeks civil penalties of $50 for per pay period for each

7 initial violation, and $100 for each subsequent violation of California Labor Code Section 226 for up

8 to one year. Thus, the total potential penalties Plaintiff could recover under Labor Code Section 226

9 is $2,550. Thus, the total amount Plaintiff seeks would not be less than $11,640.24.

10          h.      In addition, Plaintiff's attorneys have demanded an award of attorneys'

11 fees pursuant to California Labor Code §§ 218.5 and 1021.5. In determining whether the amount in

12 controversy exceeds $75,000, the Court may estimate the amount of a reasonable award of attorney's

13 fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Brady v. Mercedes-*

14 *Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002); *Simmons v. PCR Technology*,

15 209 F. Supp. 2d 1029 (N.D. Cal. 2002). In California, where wage and hour class actions have

16 settled prior to trial for millions of dollars, it is not uncommon for attorneys' fees awards to be in

17 excess of $1 million. See, e.g., <u>Mousai v. E-Loan, Inc., et al.</u>, 2007 Mealey's Jury Verdicts &

18 Settlements 255 (Case No. 3:06-cv-01993-SI) (N.D. Cal. 2007) (granting final approval of $13.6

19 million settlement in a class action for misclassification and failure to pay overtime wages; award of

20 $3.4 million to class counsel); <u>West, et al. v. Circle K Stores, Inc.</u>, 2006 Mealey's Jury Verdicts &

21 Settlements 1497 (Case No. S-04-0438) (E.D. Cal. 2006) (granting final approval in a meal and rest

22 break class action where settlement fund totaled $5 million; class counsel awarded 30% of the

23 settlement fund, or $1.5 million). It is certainly reasonable to assume that Plaintiff will be seeking in

24 excess of $64,000 in attorneys' fees in this matter.

25          i.      Thus, the preponderance of the evidence demonstrates that Plaintiff is

26 seeking in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, and

27 removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). Nevertheless,

28 Defendant denies that Plaintiff was denied any wages due or has suffered damages in any sum, and

ITTLER MENDELSON
PROFESSIONAL CORPORATION
3 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT         6.

1  will zealously defend this lawsuit and its position that the claims alleged in the Complaint are

2  entirely without merit.

3  j.    In sum, the requirements of 28 U.S.C. Section 1332(a) have been

4  satisfied because the amount in controversy under Plaintiff's claims exceeds $75,000, exclusive of

5  interest and costs, and because this matter is a civil action between citizens of different states. As

6  such, the United States District Court for the Northern District of California has original jurisdiction

7  over this matter, and removal is authorized pursuant to 28 U.S.C. section 1441(b).

8  **C.    CLASS ACTION FAIRNESS ACT JURISDICTION**

9  **1.    General Information**

10  a.    Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28

11  U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

12  > The district courts shall have original jurisdiction of any civil action in
13  > which the matter in controversy exceeds the sum or value of
14  > $5,000,000, exclusive of interest and costs, and is a class action in
15  > which – (A) any member of a class of plaintiffs is a citizen of a State
16  > different from any defendant.

15  While there are a number of exceptions to this new rule of original jurisdiction

16  contained in amended 28 U.S.C. Section 1332(d)(3)-(5), none of them are applicable here.

17  b.    As will be demonstrated, this Court has jurisdiction over this action

18  pursuant to CAFA, 28 U.S.C. section 1332(d), and this case may be removed by Defendants

19  pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1)

20  the proposed class contains at least 100 members; (2) the primary defendants are not states, state

21  officials or other governmental entities; (3) the total amount in controversy exceeds $5,000,000; and

22  (4) there is diversity between at least on class member and at least one defendant. 28 U.S.C. § 1332.

23  **2.    Diversity**

24  a.    As stated above, Plaintiff was, at the time of commencing this action,

25  and still is, a citizen of the State of California. (See Plaintiff's Complaint, ¶ 7, Ex. "A."). Defendant

26  was, and still is, a corporation incorporated under the laws of the State of Connecticut with its

27  principal place of business in the state of Connecticut. Thus, Defendant is not a citizen of the State

28  of California. 28 U.S.C. § 1332(c)(1).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408 998.4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                7.

b.      This action was initially brought pursuant to California Code of Civil Procedure Section 382 on behalf of a class.  (See Exhibit A ¶ 16.)  California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.  Plaintiff seeks to represent similarly situated employees of Defendant in California and nationwide.  (Plaintiff's Complaint ¶¶ 14.)  He seeks to represent similarly situated employees who currently work for or previously worked for Defendant in the State of California and nationwide.

### 3.      Amount in Controversy

a.      Plaintiff's Complaint is silent as to the total amount of damages claimed.  The failure of the Complaint to specify the total amount of damages sought by Plaintiff and the class does not, however, deprive this Court of jurisdiction under CAFA.  Defendant needs only to establish that Plaintiff's claims exceed the jurisdictional minimum.  The Act authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00).  Defendant denies the validity of Plaintiff's claims and request for relief thereon, but the allegations in Plaintiff's Complaint and the claimed damages exceed the jurisdictional minimum.

b.      The putative class, according to the Complaint, consists of  those employees who were required to "start up their computer and computer software, and log on to a website, before being allowed to clock in, and were required to close al computer software and programs, shut down their computer and wait until all the windows were closed, after clocking out" in both California and nationwide for three a three and four year period, respectively.  (Plaintiff's Complaint, ¶¶ 11.)  Defendant estimates that during the four-year period from June 2004 through June 2008, Plaintiff's defined class includes approximately 1,713 employees in California.  Defendant also estimate that during the three-year period from June 2005 through June 2008, Plaintiff's defined class includes approximately 15,590 employees nationwide (including employees in California).

c.      The putative class is claiming overtime for the time spent starting and shutting down their computer.  Although Defendant denies that the putative class is due any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    8.

1    overtime, Defendant expects that Plaintiffs will assert that such activities took them at least two

2    hours per month (five or six minutes per workday).  As each employee's pay varies, Defendant will

3    use the minimum wage for California to compute the amount in controversy for the California

4    putative class members.  From January 1, 2002 through January 1, 2007, the minimum wage in

5    California was $6.75 per hour, making the effective overtime rate $10.13 per hour.  With an estimate

6    of 1,713 employees in the putative class from June 2004 through January 2007 (a thirty month

7    period) and using two hours a month of overtime as a basis for the calculation, the amount in

8    controversy is $1,041,166 for that 30 month period (2 hrs x 30 months x $10.13/hr x 1,713

9    employees.).  From January 2007 through January 2008, the minimum wage was $7.50 ($11.25/hr

10   effective overtime rate) per hour in California.  Thus for the year 2007, the amount in controversy

11   for the 1,713 employees is $462,510 (2 hrs x 12 months x $11.25/hr x 1,713 employees).  For the

12   remaining six-month period from January 2008 through June 2008, the minimum wage in CA was

13   $8.00 per hour ($12.00/hr effective overtime rate).  For the remaining six month period the amount

14   in controversy for the 1,713 California employees is $246,672 (2 hrs x 6 months x $12.00/hr x

15   1,1713 employees.)   Thus, the total amount in controversy for unpaid overtime for the putative

16   California class is $1,750,343.

17                    d.        California has a one-year statute of limitations for civil penalty claims.

18   Cal. Code Civ. Proc. § 340(a).  Plaintiff and the class seek, inter alia, civil penalties of $50 for each

19   aggrieved employee per pay period for each initial violation, and $100 for each aggrieved employee

20   per pay period for each subsequent violation of California Labor Code § 226 and an additional $50

21   for each aggrieved employee per pay period for each initial violation, and $100 for each aggrieved

22   employee per pay period for each subsequent violation of California Labor Code § 558.  Defendants'

23   pay period is bi-weekly.  Thus, one full year of paychecks issued to 1,713 annual equivalents of class

24   members carries potential civil penalties of up to $2,550 per class member, or a total of

25   $8,736,300.00 ($2,550 x 1,713 employees x 2 (two separate violations) in civil penalties for the

26   alleged violations of California Labor Code §§ 226, 558 from June 2007 through June 2008.

27                    e.        Based on the foregoing, Defendants estimate that the amount of civil

28   penalties and unpaid overtime sought by the Complaint for California employees totals $10,486,643.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                              9.

1           f.      Similarly, for the nationwide putative class, there were roughly 13,800

2 employees outside of California who may fall into the putative class. The FLSA provides for a 3

3 year statute of limitations. See 29 U.S.C. § 255. Using the federal minimum wage of $5.15 per hour

4 from June 2005 through July 2007 (the month the federal minimum wage increased to $5.85/hr), an

5 effective overtime rate of $7.73 per hour, and two hours per month per employee of unpaid

6 overtime, the total amount in controversy is $5,333,700 ($7.73 per hour x 2 hours x 25 months x

7 13,800 employees.)

8           g.      From July 24, 2007 through July 24, 2008, the federal minimum wage

9 was $5.85 per hour, thereby making the effective overtime rate $8.78 per hour. For the remaining 11

10 months, the amount in controversy is $2,665,608 ($8.78 per hour x 2 hours x 11 months x 13,800

11 employees).

12           h.      Thus, for the employees outside of California, the total amount in

13 controversy for the putative class is $7,999,308. The FLSA provides for liquidated damages to be

14 paid in addition to the unpaid wages up to the amount of the unpaid wages. Thus, the total amount

15 in controversy for the non-California nationwide putative class is $15,998,616.

16           i.      The amount in controversy for purposes of removal jurisdiction is not

17 less than $26,485,259. Defendant provides the foregoing calculations only to demonstrate the

18 amount in controversy in this case meets or exceeds the amount in controversy requirement of the

19 Act. The calculations set forth herein are not and should not be construed as admissions with respect

20 to any liability or damages aspect of this case.

21 **IV.    VENUE**

22         The action is pending in Alameda County Superior Court. Venue properly lies in the

23 United States District Court for the Northern District of California pursuant to 28 U.S.C. sections

24 84(a), 1391(a) and 1441(a).

25 **V.    INTRADISTRICT ASSIGNMENT**

26         All civil actions arising in the City and County of San Francisco, Alameda, Contra

27 Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Mateo and Sonoma Counties shall

28 be assigned to the San Francisco or Oakland Divisions. See Northern District Local Rules, Rules 3-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT          10.

1    2(c) & (d) and 3-5(b). Plaintiffs filed this case in Alameda County thus assignment in the San

2    Francisco/Oakland Divisions is correct.

3    **VI.    NOTICE TO PLAINTIFF**

4            Contemporaneously with the filing of this Notice of Removal in the United States

5    District Court for the Northern District of California, written notice of the removal is given by the

6    undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk

7    of the Superior Court for the State of California for the County of Alameda. Copies of the

8    aforementioned documents are filed herewith.

9            WHEREFORE, Defendant prays that the above-referenced action now pending in

10    Alameda County Superior Court, State of California, Case No. RG08393484, be removed from that

11    court to this United States District Court for the Northern District of California.

12    Dated: July 24, 2008

13

14

15                                                        DENNIS M. BROWN
                                                         MARLENE S. MURACO
16                                                        TODD K. BOYER
                                                         LITTLER MENDELSON
17                                                        A Professional Corporation
                                                         Attorneys for Defendant
18                                                        CONNECTICUT GENERAL LIFE
                                                         INSURANCE COMPANY

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    11.

## PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 24, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Eric M. Epstein, Esq.<br>Eric M. Epstein, APC<br>1901 Avenue of the Starts, #1100<br>Los Angeles, CA 90067-6002 | ATTORNEYS FOR PLAINTIFFS<br>JOSH HAZEL, on behalf of himself,<br>the general public, and all others<br>similarly situated |

Walter Haines, Esq.
United Employees Law Group, PC
65 Pine Avenue #312
Long Beach, CA 90802

Mark R. Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 24, 2008, at San Jose, California.

_____
April Ignaitis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                    12.

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a
Connecticut corporation; and DOES 1 through 10,
inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSH HAZEL, on behalf of himself, the general public,
and all others similarly situated.

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

*6790014*

**F I L E D**
ALAMEDA COUNTY

JUN 1 8 2008

CLERK OF THE SUPERIOR COURT
By _Sasha Perry_
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court<br>1225 Fallon Street<br><br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br>RG 0 8 3 9 3 4 6 4 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric M. Epstein, APC                  310/552-5366    310/556-8021
Eric M. Epstein, Esq.
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002

DATE:                                    Clerk, by _Sasha Perry_, Deputy
*(Fecha)* JUN 1 8 2008  Pat S. Sweeten  *(Secretario)*                     *(Adjunto)*
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

*6790018*

1    Eric M. Epstein, SBN 64055      Mark R. Thierman, SBN 72913
     Eric M. Epstein, APC              THIERMAN LAW FIRM
2    1901 Avenue of the Stars, #1100     7287 Lakeside Drive
     Los Angeles, CA 90067-6002       Reno, NV 89511
3    310/552-5366                     510/763-5700



FILED
ALAMEDA COUNTY

JUN 13 2008

CLERK OF THE SUPERIOR COURT

4    Walter Haines, SBN 71074
     United Employees Law Group, PC
5    65 Pine Avenue, #312
     Long Beach, CA 90802
6    877/696-8378

7    ATTORNEYS FOR PLAINTIFFS

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF ALAMEDA**

10

11    JOSH HAZEL, on behalf of himself, the    )   Case No. RG 08 393464
     general public, and all others similarly      )
12    situated,                           )   CLASS AND REPRESENTATIVE ACTION
                                  )
13                 Plaintiffs,      )   COMPLAINT FOR DAMAGES, PENALTIES,
     vs.                                   )   AND RESTITUTION
14                                     )
15    CONNECTICUT GENERAL LIFE       )   1) Unpaid Overtime in Violation of California
     INSURANCE COMPANY, a Connecticut   )      Labor Code, Section 510 and Wage Orders
16    corporation; and DOES 1 through 10,     )      No. 4-2001;
     inclusive,                           )   2) Unpaid Overtime (Fair Labor Standards Act)
17                                     )      (29 USC 207, 216);
                Defendants.     )   3) Knowing and Intentional Failure to Comply
18                                     )      with Itemized Employee Wage Statement
    ————————————————— )      Provisions (Labor Code, § 226(a));
19                                     )   4) Failure to Pay Minimum Wage (Labor Code §§
                                    )      1182.12, 1197);
20                                     )   5) Failure to Pay Minimum Wage (Fair Labor
                                    )      Standards Act, 29 USC § 206(a));
21                                     )   6) Violation of Labor Code § 2699; and
                                    )   7) Unfair Competition in Violation of Business
22                                          & Professions Code, Section 17200, et seq.

23      Plaintiff, JOSH HAZEL, on behalf of himself, the general public, and all others similarly situated,

24    alleges as follows:                                     **BY FAX**

25                       **PRELIMINARY ALLEGATIONS**

26      1.      Plaintiff is informed and believes and thereon alleges, that Defendant, CONNECTICUT

27    GENERAL LIFE INSURANCE COMPANY ("CG"), is, and at all times herein mentioned was, a

28    corporation, organized and existing under the laws of the State of Connecticut, with its principal place

of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002, and is authorized to transact

1   and is transacting business in California.

2       2.      The true names and capacities of Defendants, Does 1 through 100, inclusive, are unknown

3   to Plaintiff who therefore sues said Defendants under such fictitious names. Plaintiff will amend this

4   complaint to insert their true names and capacities when the same have been ascertained.

5       3.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants named

6   herein as Does 1 through 100, inclusive, is, and at all times herein mentioned was, an agent, employee,

7   partner, associate, principal, joint venturer, parent company, subsidiary, affiliated company, predecessor,

8   successor or assignee of the named Defendant and was acting at all times within the course and scope

9   of that relationship and that each of the fictitiously named Defendants consented to, authorized, and/or

10  ratified the acts alleged herein by the named Defendant and is a joint employer of plaintiff and/or all

11  other class members as defined hereinbelow.

12      4.      Plaintiff is informed and believes and thereon alleges that each of the Defendants named

13  herein as Does 1 through 100 is responsible in some manner for the events, happenings and occurrences

14  herein alleged and that any reference to "Defendant" or "Defendants" shall mean "Defendants and each

15  of them".

16      5.      Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned,

17  CG and Does 1 through 100, inclusive, were joint employers of Plaintiff and all others similarly situated

18  in the State of California.

19      6.      Defendants are individually, jointly and severally liable for the acts herein alleged as the

20  employer of the named Plaintiff and each Plaintiff's class member because each Defendant, directly or

21  indirectly, or through an agent or any other person, employed or exercised control over the wages, hours

22  and working conditions of Plaintiff and each Class member.

23      7.      Plaintiff, Josh Hazel, was employed by Defendant in the State of California, from in or

24  about September 2003 to in or about February 2008, as an hourly employee, with the job titles of

25  Customer Service Associate, Rotational Technical Coach, Appeals Senior Associate, and Claims

26  Processor Senior Associate.

27                              **JURISDICTION**

28      8.      The California Superior Court has jurisdiction over this action pursuant to California

**COMPLAINT FOR DAMAGES**

1   Constitution, Article VI, Section 10, which grants the Superior Court original "jurisdiction in all causes

2   except those given by statute to other trial courts."  The statutes under which this action is brought do

3   not specify any other basis or court for jurisdiction and the amount of monetary damages claimed by

4   Plaintiffs exceeds the minimum jurisdiction of this Court.

5       9.     Plaintiffs are informed and believe and thereon allege that the California Superior Court

6   has jurisdiction over CG because CG employs numerous Calfornia residents as employees within the

7   State of California, conducts substantial business in the State of California, has appointed an agent in

8   the State of California for service of process, and has availed itself of the California market so as to

9   render the exercise of jurisdiction by the California courts consistent with the judicial notions of fair

10  play and substantial justice.

11                                    **VENUE**

12      10.    Venue is proper in the County of Alameda because Plaintiffs are informed and believe and

13  thereon allege that GC is a foreign corporation which has not designated a principal place of business

14  in the State of California and pursuant to Section 395 of the California Code of Civil Procedure, venue

15  is proper in the Superior Court in any county that the Plaintiff may designate in his or her complaint.

16  Accordingly, Plaintiffs designate Alameda County as the proper place for venue for this action.

17                      **CLASS REPRESENTATIVE ALLEGATIONS**

18      11.    Plaintiff brings this action on his own behalf, on behalf of the general public, and on behalf

19  of all persons similarly situated within the following classes:

20      A.     Class "A" is defined as all current or former hourly employees employed by

21  Defendants in the State of California within the four years preceding the filing of this Complaint to the

22  date entry of judgment, who were required to report to work, start up their computer and computer

23  software, and log on to a website, before being allowed to clock in, and were required to close all

24  computer software and programs, shut down their computer and wait until all the windows were closed,

25  after clocking out, and who were not compensated for such preliminary and postliminary time.

26      B.     Class "B" is defined as all current or former hourly employees employed by

27  Defendants in the United States within the three years preceding the filing of this Complaint to the date

28  of entry of judgment, who were required to report to work, start up their computer and computer

1  software, and log on to a website, before being allowed to clock in, and were required to close all

2  computer software and programs, shut down their computer, and wait until all the windows were closed,

3  after clocking out, and who were not compensated for such preliminary and postliminary time.

4        C.    Class "C" is defined as all current or former hourly employees employed by

5  Defendants in the State of California within the four years preceding the filing of this Complaint to the

6  date of entry of judgment, who were required to report to work, start up their computer and computer

7  software, and log on to a website, before being allowed to clock in, and were required to close all

8  computer software and programs, shut down their computer and wait until all the windows were closed,

9  after clocking out, and who were not compensated for such preliminary and postliminary time, and who

10  were not furnished either as a detachable part of the check, draft or voucher paying the employees's

11  wages, or by separate document, an accurate itemized statement showing the total hours worked by each

12  employee and/or furnished with all applicable hourly rates in effect during the pay period and the

13  corresponding number of hours worked at each hourly rate by the employee in violation of California

14  Labor Code § 226.

15      12.    Plaintiff is informed and believes that each Class consists of at least 1,000 employees and

16  such numerosity makes joinder of each member of each class impractical.

17      13.    There is a well-defined community of interest in the questions of law and fact affecting the

18  Classes Plaintiff seeks to represent. The Class members claims against Defendant involve questions

19  of general or common interest, in that the claims are based on the Defendant's implementation and

20  utilization of a policy pursuant to which all members of Class "A" and "B" were denied overtime and

21  minimum wage during the years in question, as required by California Labor Code, §§ 510, 1182.12,

22  1197, Wage Order No. 4-2001 and the Fair Labor Standards Act 29 USC §§ 207 and 206(a), and, all

23  members of Class "C", were not furnished with itemized employee wage statements as required by

24  Labor Code, § 226(a). These questions are such that proof of the stated facts common to the members

25  of each Class will enable each member of the Class to the relief required in this Complaint.

26      14.    Plaintiff will fairly and accurately represent the interests of the Class, has consented in

27  writing to bringing this lawsuit, and the claims of Plaintiff are typical of those in each Class.

28      15.    This type of case is uniquely well situated for Class or collective treatment since (1) the

C:\My Files\EMF\FILES\ConnGeneral.7867\PLEADINGS\Complaint2.wpd     4

**COMPLAINT FOR DAMAGES**

1  employer's practices were uniform; (2) the burden is on the employer to prove any exemption; (3) the

2  burden is on the employer to disprove the hours of overtime claimed by the employees; (4) the burden

3  is on the employer to prove it paid the required minimum wage for all time worked; and (5) the burden

4  is on the employer to prove it furnished the required itemized employee wage statement.

5      16.    This action is brought, and may properly be maintained, as a class action under Code of

6  Civil Procedure, Section 382, because there is a well defined community of interest in the litigation and

7  each proposed Class is easily ascertainable.   This action satisfies the predominance, typicality,

8  numerosity, superiority and adequacy requirements for class actions.

9              **PRELIMINARY AND POSTLIMINARY ACTIVITIES**

10     17.    29 CFR § 790.6 provides in part that: "If an employee is required to report at the actual

11  place of performance of his principal activity at a certain specific time, his "workday" commences at

12  the time he reports there for work in accordance with the employer's requirement, even though through

13  a cause beyond the employee's control, he is not able to commence performance of his productive

14  activities until a later time." 29 CFR § 790.6(b).  "Periods of time between the commencement of the

15  employee's first 'principal activity' and the completion of his last 'principal activity' on any workday

16  must be included in the computation of hours worked . . ." 29 CFR § 790.6(b).

17     18.    29 CFR § 790.8(b)(2) provides in part: "The term 'principal activities  includes all

18  activities which are an integral part of a principal activity.  Two examples of what is meant by an

19  integral part of a principal activity are found in the Report of the Judiciary Committee of the Senate on

20  the Portal-to-Portal Bill.   They are the following: . . . garment workers who arrive early to distribute

21  clothing to workbenches or to get machines 'in readiness for operation' . . .

22     19.    Plaintiff is informed and believes and thereon alleges that Plaintiff, and each member of

23  Class "A", "B" and "C", are or were required to report to work and start up their computer and computer

24  software and log on to a website before being allowed to clock-in.  Likewise, Plaintiff, and each member

25  of Class "A", "B" and "C", are or were required to close all computer software and programs, shut down

26  their computer and wait until all windows were closed, after clocking-out.

27     20.    The activities and duties set forth in paragraph 19 hereinabove were performed by Plaintiff

28  and the members of Class  "A", "B" and "C" while under the control of Defendants, were not

**COMPLAINT FOR DAMAGES**

1   undertaken for the employees' own convenience, were required by the Defendants, were necessary for

2   the performance of the employees' duties for the employer, and were integral and indispensable to the

3   principal activities of Plaintiff and class members.

4        21.    Plaintiff and the class members regularly were required to work "off the clock" to complete

5   computer startup and shut down tasks, as set forth hereinabove, which said tasks were required by the

6   Defendant, and the Plaintiff and each class member is entitled to compensation therefore.

7   ### FIRST CAUSE OF ACTION

8   **(By Plaintiff, individually, and on behalf of all**

9   **Members of Class "A", Against All Defendants)**

10  **Failure to Pay Overtime**

11  **(Labor Code Section 510 and Wage Order No. 4-2001)**

12       22.    Plaintiff refers to paragraphs 1 through 21 hereinabove and by reference thereto

13  incorporates the same herein.

14       23.    Defendant has violated provisions of the Labor Code by failing to pay to Plaintiff and other

15  employee Class "A" members similarly situated, overtime pay as required by Labor Code, Section 510,

16  and Wage Order No. 4-2001, Section 3.

17       24.    Labor Code, Section 510(a) states that: "Eight hours of labor constitutes a day's work. Any

18  work in excess of eight hours in one work day and any work in excess of forty hours in one work week

19  and the first eight hours worked on the seventh day of work in any one work week shall be compensated

20  at the rate of no less than 1-1/2 times the regular rate of pay for an employee. Any work in excess of

21  twelve hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for

22  an employee. In addition, any work in excess of eight hours on any seventh day of a work week shall

23  be compensated at the rate of no less than twice the regular rate of pay of an employee."

24       25.    Wage Order No. 4-2001, Section 3, states:

25      "3.    <u>Hours and Days of Work</u>.

26          1.(A) Daily Overtime - General Provisions

27          (1) The following overtime provisions are applicable to employees 18 years of age

28          or over and to employees 16 or 17 years of age who are not required by law to

attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

> (a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

> (c) The overtime rate of compensation to be paid to a nonexempt full-time salaried employee shall be computed by using one-fortieth (1/40) of the employee's weekly salary as the employee's regular hourly rate of pay.

26.    Plaintiff is informed and believes and thereon alleges that Plaintiff, and each member of Class "A", are or were not employed in an executive, administrative or professional capacity, nor were they exempt from overtime pay by reason of any other exemption under California law.

27.    Plaintiff is informed and believes and thereon alleges that Plaintiff and each member of Class "A", are or were paid on an hourly basis but were not paid overtime wages for hours worked in excess of eight hours per day and/or forty hours per week.

28.    By the conduct described above, Defendant, and each of them, have failed to pay Plaintiff and members of Class "A", overtime compensation as required by California law. Labor Code, Section 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

C:\MyFiles\EMEFILES\ConsGeneral.7867\PLEADINGS\Complaint2.wpd                7

**COMPLAINT FOR DAMAGES**

1   compensation, including interest thereon, reasonable attorney's fees and costs of suit."

2       29.    By reason of the above, Plaintiff and members of  Class "A", demand additional

3   compensation for all hours worked overtime within three years of the filing of the Complaint until the

4   date of entry of judgment, plus interest thereon, plus statutory penalties pursuant to Labor Code, § 558,

5   plus reasonable attorney's fees and costs of suit.

6                              **SECOND CAUSE OF ACTION**

7                    **(By Plaintiff, individually, and on behalf of all members**

8                       **of Class "B", Against All Defendants)**

9                                   **Overtime Pay**

10          **(Violation of Fair Labor Standards Act, 29 USC, Section 207, 216)**

11      30.    Plaintiff  refers  to  paragraphs  1  through  21  hereinabove  and  by  reference  thereto

12  incorporates the same herein.

13      31.    The Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207, requires the payment of overtime

14  compensation at 1 ½ times the regular rate of pay for all hours worked in excess of 40 hours per week.

15  Defendant has violated the FLSA by failing to pay to Plaintiff and other employee Class "B" members,

16  overtime pay as required by the FLSA (29 U.S.C. 207).

17      32.    Plaintiff is informed and believes and thereon alleges that Plaintiff, and each member of

18  Class "B" was not employed in an executive, administrative or professional capacity, nor were they

19  exempt from overtime pay by any other exemption under federal law.

20      33.    Plaintiff, and each member of Class "B", regularly worked more than 40 hours per week,

21  without being paid any overtime pay as required by the FLSA.

22      34.    By the conduct described above, Defendant, and each of them, have failed to pay Plaintiff

23  and members of Class "B" overtime compensation as required by federal law.  29 U.S.C. 216 states:

24              "Any employer who violates the provisions of Section 206 or 207 of this Title

25              shall be liable to the employee or employees effected in the amount of their

26              unpaid minimum wages, or their unpaid overtime compensation, as the case

27              may be, and in an additional equal amount as liquidated damages."

28      35.    By reason of the above, Plaintiff and members of Class "B", demand additional

---

**COMPLAINT FOR DAMAGES**

1 compensation for all hours worked overtime within three years of the filing of the complaint in this

2 matter until the date of entry of judgment at 1 ½ times their regular rate of pay, plus an equal amount for

3 liquidated damages pursuant to 29 U.S.C. 216, plus interest thereon, plus reasonable attorney's fees and

4 costs.

5        **THIRD CAUSE OF ACTION**

6       **(By Plaintiff, individually, and on behalf of all**

7      **Members of Class "C"  Against All Defendants)**

8     **Failure to Comply with Itemized Employee's Wage Statement**

9        **[Labor Code, Section 226(a)]**

10    36.  Plaintiff refers to paragraphs 1 through 29 hereinabove and by reference thereto incorporate

11 the same herein.

12    37.  Labor Code § 226(a) provides in pertinent part that every employer shall, semi-monthly or

13 at the time of each payment of wages, furnish each of his or her employees, either as a detachable part

14 of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by

15 personal check or cash, an accurate itemized statement in writing stating. . . (2) total hours worked by

16 the employee, except for any employee whose compensation is solely based on a salary and was exempt

17 from payment of overtime under subd. (a) of Section 515 or any applicable Order of the Industrial

18 Welfare Commission, and . . . (9) all applicable hourly rates in effect during the pay period and the

19 corresponding number of hours worked at each hourly rate by the employee.

20    38.  Plaintiff is informed and believes and thereon alleges that Defendants violated Labor Code

21 § 226(a) in that:

22      a.  Plaintiff and members of Class "C" were not exempt from payment of overtime

23 under subd. (a) of Section 515 or any applicable Order of the Industrial Welfare Commission and were

24 not furnished by Defendants, either as a detachable part of the check, draft, or voucher paying their

25 wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in

26 writing showing the total hours worked by each of its employees; and/or

27      b.  Said employees were not furnished an accurate itemized statement in writing

28 showing all applicable hourly rates in effect during the pay period and the corresponding number of

1   hours worked at each hourly rate by the employees.

2       39.    By reason of the above, Plaintiff prays for damages, pursuant to Labor Code § 226(e), but

3   not as a civil penalty which would otherwise be paid to the State of California, the greater of all actual

4   damages or fifty dollars ($50) for each employee for the pay period in which the initial violation

5   occurred, and one hundred dollars ($100) per employee for each violation in a subsequent pay period,

6   up to a maximum of $4,000 per employee.

7                              **FOURTH CAUSE OF ACTION**

8                    **(By Plaintiff individually, and on behalf of all**

9                   **members of Class "A" Against All Defendants)**

10                        **(Failure to Pay Minimum Wage)**

11                   **[California Labor Code §§ 1182.12, 1197]**

12      40.    Plaintiff refers to paragraphs 1 through 21 and by reference thereto incorporates the same

13   herein.

14      41.    Defendants have violated provisions of the California Labor Code by failing to pay to

15   Plaintiff and other employee Class "A" members similarly situated, minimum wages as required by

16   Labor Code §§ 1182.12, and 1197.

17      42.    At all times relevant, Defendants have failed to pay Plaintiff and the members of Class "A"

18   minimum wage for all of the hours they have worked in violation of the California Labor Code.

19      43.    In particular, Defendants' compensation scheme fails to properly pay Plaintiff and the

20   members of Class "A" for many work-related activities, including regularly being required to work "off

21   the clock" to complete computer startup, log in, and shut down tasks.

22      44.    Defendants' failure to pay Plaintiff and the members of Class "A" the minimum wage for

23   all hours worked violates the California Labor Code and Plaintiff, on behalf of himself and all members

24   of Class "A", seeks compensation for all unpaid straight time for the time period relevant herein as well

25   as statutory penalties, attorneys' fees and costs.

26                               **FIFTH CAUSE OF ACTION**

27                    **(By Plaintiff individually, and on behalf of all**

28                   **members of Class "B" Against All Defendants)**

C:\MyFiles\EMEFILES\ConsGeneral.7867PLEADINGS\Complain2.wpd          10

**(Failure to Pay Minimum Wage)**

**[29 U.S.C. § 206(a)]**

45.     Plaintiff refers to paragraphs 1 through 21 and by reference thereto incorporates the same herein.

46.     Defendants have violated provisions of the FLSA by failing to pay to Plaintiff and other employee Class "B" members similarly situated, minimum wages as required by the FLSA.

47.     29 U.S.C. §206(a) requires every employer to pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, a minimum wage, which varied as follows:

        A.     From September 1, 1997 to July 24, 2007 not less than $5.15 per hour;

        B.     From July 24, 2007 to July 24, 2008, not less than $5.85 per hour; and

        C.     From July 24, 2008 to July 24, 2009, not less than $6.55 an hour; and

        D.     From July 24, 2009 and thereafter, not less than $7.25 per hour.

48.     At all times relevant, Defendants have failed to pay Plaintiff and the putative members of Class "B" minimum wage for all of the hours they have worked in violation of 29 U.S.C. § 206(a).

49.     In particular, Defendants' compensation scheme fails to properly pay Plaintiff and the members of Class "B" for many work-related activities, including regularly being required to work "off the clock" to complete computer startup, log in, and shut down tasks.

50.     Defendants' failure to pay Plaintiff and the members of Class "B" the minimum wage for all hours worked violates the FLSA, and Plaintiff, on behalf of himself and all members of Class "B", seeks compensation for all unpaid straight time for the time period relevant herein as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

**(By Plaintiff, individually, and on behalf of all members**

**of Class "A" and "C" Against All Defendants)**

**(Violation of California Labor Code § 2699)**

51.     Plaintiff refers to paragraphs 1 through 29 and 36 through 44 hereinabove and by reference

C:\MyFiles\EMEFILES\CaseGeneral.786\7\PLEADINGS\Complaint2.wpd

11

**COMPLAINT FOR DAMAGES**

1   thereto incorporates the same herein.

2       52.   California Labor Code § 2699 (a), also known as the Private Attorneys' General Act of

3   2004, states: "Notwithstanding any other provision of law, any provision of this code that provides for

4   a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any

5   of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code,

6   may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf

7   of himself or herself and other current or former employees."

8       53.   By the conduct described above, Defendants, and each of them, have failed to pay Plaintiff

9   and members of Class "A", minimum wage and overtime compensation as required by California Labor

10  Code § 510, 1182.12, and 1197, and failed to furnish members of Class "C" with an itemized wage

11  statement as required by Labor Code, Section 226(a)(2) and (9).

12      54.   By reason of the above, Plaintiff and members of Class "C" are entitled to a payment of a

13  penalty of $50 per pay period for each employee for the initial violation and $100 per pay period for each

14  employee for each subsequent violation, for the failure to furnish an itemized wage statement, up to a

15  maximum of $4,000 per employee, and Plaintiff and members of Class "A" are entitled to a payment

16  of $50 per pay period for each employee for the initial violation and $100 per pay period for each

17  employee for each subsequent violation, for failure to pay minimum wage and overtime compensation,

18  commencing one year prior to the filing of the complaint until the date of entry of judgment.

19      55.   Plaintiff has complied with the Notice requirements of Labor Code, § 2699.3(a)(1),

20  regarding a violation of §§ 226, 510 and 558 of the Labor Code, prior to commencing this action. A

21  copy of the letter sent to the California Labor & Workforce Development Agency on March 12, 2008,

22  via certified mail, and copied to Defendant, on the same date, via certified mail, in accordance with

23  Section 2699.3(a)(1) is attached hereto as Exhibit "1" and by reference thereto incorporated herein.

24      56.   On April 7, 2008, the Labor & Workforce Development Agency responded to the letter set

25  forth in paragraph 55 above (i.e., Exhibit "1") by notifying Plaintiff's counsel that the Labor &

26  Workforce Development Agency does not intend to investigate allegations set forth in Exhibit "1". A

27  copy of said letter is attached hereto as Exhibit "2".

28                          **SEVENTH CAUSE OF ACTION**

**(By Plaintiff, individually, and on behalf of all members of**

**Class "A" and "C" Against All Defendants)**

**(Unfair Competition)**

**[Business & Professions Code, § 17200, et seq.]**

57.    Plaintiff refers to paragraphs 1 through 44 hereinabove and by reference thereto incorporates the same herein.

58.    California Business & Professions Code § 17200, entitled definition, provides: "As used in this Chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

59.    Defendants' conduct described hereinabove constitutes an unfair and unlawful business practice in violation of provisions of California Business and Professions Code § 17200.

60.    Defendants have violated provisions of the Labor Code by:

a.    Failing to pay to Plaintiff and members of Class "A", overtime pay as required by Labor Code, Section 510 and Wage Order 4-2001, Section 3.

b.    Failing to furnish Plaintiff and members of Class "C" with an itemized employee wage statement as required by Labor Code, Section 226(a)(2) and (9).

c.    Failing to pay Plaintiff and members of Class "A" minimum wage as required by Labor Code §§ 1182.12, and 1197.

61.    Plaintiff demands that Defendants make full restitution for overtime compensation owed to Plaintiff and members of Class "A" and each of them, within four years of the filing of the Complaint until the date of entry of judgment.

62.    Plaintiff demands that Defendants make full restitution for all damages owed to Plaintiff and members of Class "C" and each of them, for failure to furnish such Plaintiff and members of Class "C" an itemized employee wage statement as required by Labor Code, Section 226(a) and (9) in the sum of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee.

63.    Plaintiff demands that Defendants make full restitution for all damages owed to Plaintiff

**COMPLAINT FOR DAMAGES**

1   and members of Class "A" and each of them, for failure to pay minimum wage in accordance with

2   California law, within four years of the filing of the Complaint until the date of entry of judgment.

3       64.    Plaintiff seeks reasonable attorney's fees and costs pursuant to Code of Civil Procedure §

4   1021.5 and Labor Code § 218.5.

5       WHEREFORE, Plaintiff, on behalf of himself, and on behalf of all class members similarly

6   situated, requests judgment against Defendants, and each of them, as follows:

7       1.    On the First Cause of Action for Unpaid Overtime:

8           a.    Damages according to proof for overtime compensation under California law for

9                 all hours worked overtime within three years of the filing of the complaint until the

10                date of entry of judgment;

11          b.    For all statutory damages according to proof;

12          c.    For interest at the maximum legal rate on all amounts found due from the date of

13                the undue overtime until paid in full;

14          d.    For reasonable attorney's fees according to proof.

15      2.    On the Second Cause of Action for Unpaid Overtime:

16          a.    Damages according to proof for overtime compensation under federal law for all

17                hours worked overtime within three years of the filing of the complaint until the

18                date of entry of judgment;

19          b.    For all statutory damages according to proof;

20          c.    For interest at the maximum legal rate on all amounts found due from the date of

21                the undue overtime until paid in full;

22          d.    For reasonable attorney's fees according to proof.

23      3.    On the Third Cause of Action for failing to furnish an itemized employee wage statement:

24          a.    The sum of fifty dollars ($50) per employee for the initial pay period in which the

25                violation occurred and the sum of one hundred ($100) per employee for each

26                violation in a subsequent pay period not exceeding an aggregate amount of $4,000

27                per employee;

28          b.    For statutory damages according to proof;

c.    For interest at the maximum legal rate for all amounts found due;

d.    For reasonable attorney's fees according to proof.

4.    On the Fourth Cause of Action for failing to pay minimum wage in violation of California law:

    a.    Damages according to proof for all unpaid hours worked at each employee's regular rate of compensation for all times that compensable wages were not paid, for each such employee entitled to same;

    b.    For statutory damages according to proof;

    c.    For interest at the maximum legal rate for all amounts found due;

    d.    For reasonable attorney's fees according to proof.

7.    On the Fifth Cause of Action for failing to pay minimum wage in violation of federal law:

    a.    Damages according to proof for all unpaid hours worked at each employee's regular rate of compensation for all times that compensable wages were not paid, for each such employee entitled to same;

    b.    For statutory damages according to proof;

    c.    For interest at the maximum legal rate for all amounts found due;

    d.    For reasonable attorney's fees according to proof.

8.    On the Sixth Cause of Action pursuant to Labor code, Section 2699:

    a.    For statutory penalties according to proof; and

    b.    For reasonable attorney's fees according to proof.

9.    On the Seventh Cause of Action for Violation of Business & Professions Code, Section 17200:

    a.    For an order of the Court restoring to Plaintiff and members of Class "A" and "C" all overtime compensation due each such employee, all amounts owed to each employee for failing to furnish an accurate itemized employee wage statement, all amounts owed to each employee for failing to pay all compensable wages, and all amounts owed to each employee for failing to pay minimum wage within four years of the filing of the original complaint in this matter until the date of entry of

1         judgment.

2         b.     For reasonable attorney's fees pursuant to Code of Civil Procedure § 1021.5 and

3               Labor Code § 218.5.

4    10.   For costs of suit incurred herein; and

5    11.   For such other relief as the court deems just and proper.

6 Dated:  June 9, 2008

7                     **THIERMAN LAW FIRM**
**UNITED EMPLOYEES LAW GROUP, P.C.**
**ERIC M. EPSTEIN,** A Professional Corporation

8

9

10                     By: _____
                      Eric M. Epstein, Esq.
                      Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

EXHIBIT "1"

*Law Office*

### Eric M. Epstein
**A PROFESSIONAL CORPORATION**

1901 Avenue of the Stars, Suite 1100

LOS ANGELES, CALIFORNIA 90067-6002

TELEPHONE: (310) 552-5366

TELEFAX: (310) 556-8021

March 12, 2008

**CERTIFIED MAIL**
Return Receipt Requested

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re:    Violation of Labor Code, Sections 204(b)(1), 226, 510, 1182.12, 1197 and 1199; Connecticut General Life Insurance Company failed to furnish to each employee an accurate itemized statement showing the total number of hours worked, all applicable hourly rates, and the number of hours worked at each hourly rate, in violation of Section 226; failed to pay overtime compensation to non-exempt employees employed in California for all hours worked in excess of 8 hours in any one day and/or 40 hours in any one week, and/or on the seventh day of work in any one work week, in violation of Sections 204(b)(1) and 510; and failed to pay the minimum wage to all non-exempt employees employed in California for all hours worked in violation of Sections 1182.12, 1197 and 1199.

Dear Sir or Madam:

    This office represents current and/or former non-exempt employees of Connecticut General Life Insurance Company (the "Company") who were employed by the Company within the State of California. The Company has its main offices 900 Cottage Grove Road, Bloomfield, CT 06002.

    The aforesaid employees of the Company allege that the Company violated Labor Code, Section 226, in that:

    1.    Said employees are not exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission and they were not furnished, either as a detachable part of the check, draft or voucher paying their wages, or separately when wages were paid by personal check or

C:\MyFiles\EMEFILES\ConnGeneral.7865\LWDA031208.wpd

March 12, 2008
Page 2

cash,[1] an accurate itemized statement in writing showing the total hours worked by each such employee; and/or

2.    Said employees were not furnished an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

The aforesaid employees of the Company further allege that the Company violated Labor Code, Sections 204(b)(1), 510 and 558 in that:

3.    The employees are not exempt from payment of overtime under subdivision (a) of Section 515 or any applicable Order of the Industrial Welfare Commission and said employees worked in excess of 8 hours in any one work day and/or in excess of 40 hours in any one work week, and/or on the seventh day of work in any one work week, and were not compensated at a rate of no less than one and half times the regular rate of pay for each such employee. Furthermore, any work performed by any such employee in excess of 12 hours in one day or more than 8 hours on the seventh day of work in any one work week, was not compensated at the rate of no less than twice the regular rate of pay for such employee. By failing to pay overtime compensation for each such employee within the State of California for work in excess of 8 hours in any one day, and/or 40 hours in any one week, and/or for work on a seventh day in any one work week, the Company violated Section 510 of the Labor Code and is subject to, inter alia, the penalties set forth in Section 558 of the Labor Code.

The aforesaid employees of the Company also allege that the Company violated Labor Code, Sections 1182.12, 1197 and 1199 in that:

4.    The Company failed to pay the aforesaid employees the applicable minimum wage for all hours worked, and therefore is subject to, inter alia, the penalties set forth in Section 558 of the Labor Code.

The hours worked for which the aforesaid employees were not compensated for overtime and/or minimum wage, involved preliminary work prior to "logging in", and postliminary work after "logging out".

---

[1] Said employees were never paid by personal check or cash.

C:\MyFiles\EMEFILES\Com\General_7867\LWDA\031208.wpd

March 12, 2008
Page 3

The aforesaid employees further allege that the above violations entitle them to pursue a civil action pursuant to 2699(a) of the Labor Code, in accordance with the requirements of Labor Code, Section 2699.3.

This letter is written pursuant to the requirements of Labor Code, Section 2699.3(a)(1) and a certified copy of this letter is being sent concurrently herewith to the Company. Please notify me within 30 calendar days of the date this letter is postmarked whether or not you intend to investigate the above violation.

Very truly yours,

ERIC M. EPSTEIN, A Professional Corporation


By: _____
Eric M. Epstein

cc:    Connecticut General Life Insurance Company
       Via certified mail

C:\MyFiles\EMEFILES\ConnGeneral.78676.WDA051266.wpd

EXHIBIT "2"



# C A L I F O R N I A
# Labor & Workforce Development Agency

Date April 07, 2008

Law Offices of Eric M. Epstein
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

Connecticut General Life Insurance Company
900 Cottage Grove Road
Bloomfield, CT 06002

Re:    LWDA No: 3322
       Employer:   Connecticut General Life Insurance Company
       Employee:   unknown

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA)
received your notice of alleged Labor Code violations pursuant to Labor Code Section
2699, postmarked March 13, 2008 and after review, does not intend to investigate the
allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil
penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to
the LWDA for enforcement of labor laws and education of employers and employees about
their rights and responsibilities under this code". Labor Code Section 2699(l) specifies
"[T]he superior court shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the
court judgment or the court-approved settlement agreement.

Sincerely,

Robert A. Jones

Robert A. Jones
Deputy Secretary

# EXHIBIT B

PLD-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Marlene S. Muraco, SB #154240<br>Todd K. Boyer, SB #203132<br>Littler Mendelson, P.C.<br>50 West San Fernando Ave., 15th Floor, San Jose, CA 95113-2431 | TELEPHONE NO.<br>408.998.4150 |

ATTORNEY FOR (Name): CONNECTICUT GENERAL LIFE INSURANCE COMPANY

NAME OF COURT: Superior Court of California
STREET ADDRESS: County of Alameda
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612-4293
BRANCH NAME:

PLAINTIFF: JOSH HAZEL, et al.

DEFENDANT: CONNECTICUT GENERAL LIFE INSURANCE COMPANY

GENERAL DENIAL

FOR COURT USE ONLY

**ENDORSED
FILED
ALAMEDA COUNTY**

JUL 2 3 2008

CLERK OF THE SUPERIOR COURT
By Molly Kautz

CASE NUMBER:
RG08393484

---

You **MUST** use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You **MAY** use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You **MAY NOT** use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

1. DEFENDANT (name): CONNECTICUT GENERAL LIFE INSURANCE COMPANY
   generally denies each and every allegation of plaintiff's complaint.

2. ☒  DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary)*:

   See attached affirmative defenses

Date: July 23, 2008

TODD K. BOYER
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

---

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2007]

GENERAL DENIAL

Page 1 of 2

Code Civ. Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHEMENT A**

*JOSH HAZEL et al. v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY*

*Alameda County Superior Court Case No. RG08393484*

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that:

The Complaint fails to state a claim upon which relief may be granted.

AS AND FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that:

Plaintiffs' claims, or the claims they may seek to assert on behalf of others, are barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure Sections 335, 338, *et seq.*, California Labor Code Section 203, California Business and Professions Code Section 17208, 29 U.S.C. Section 255, and by principles of laches. To the extent that Plaintiffs are claiming civil penalties over one year from the date of the alleged violation, Plaintiffs' claims are barred under California Code of Civil Procedure Section 340.

AS AND FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that:

Plaintiffs' Complaint fails to state a cognizable class under 29 U.S.C. Section 216, Federal Rule of Civil Procedure 23, California State law, or under any applicable rule or law regulating the maintenance of collective or class actions, including but not limited to, Plaintiffs' failure to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing.

AS AND FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that:

Any and all actions taken by Defendant concerning or affecting Plaintiffs were undertaken in good faith, on reasonable grounds, and were entirely justified, proper, and lawful.

AS AND FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

Firmwide:85824928.1 025360.1102                    1.                    Case No. RG08393484

**AFFIRMATIVE DEFENSES**

1    Defendant acted reasonable and in reliance upon written administrative regulations,

2    order, or rulings to assure full compliance with all applicable requirements of the Fair Labor

3    Standards Act and California State law relative to compensation paid to Plaintiffs.

4    AS AND FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

5    alleges that:

6    Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

7    AS AND FOR A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendant alleges that:

9    Plaintiffs' Complaint and each cause of action thereof fails to state a valid claim for

10    punitive, exemplary, or liquidated damages.  Defendant has made good faith efforts to comply with

11    the law and as such even if, *arguendo*, Plaintiffs, or any of them, could establish any of the claims

12    alleged in the Complaint, there has been no willful violation of law.

13    AS AND FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE,

14    Defendant alleges that:

15    Even if, *arguendo*, Plaintiffs, or any of them, could establish a claim for damages,

16    Plaintiffs and each of them failed to mitigate such damages, if any.

17    AS AND FOR A NINTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

18    alleges that:

19    The Complaint fails to state a claim for attorneys' fees under California Labor Code

20    sections 218.5 and 1194, California Code of Civil Procedure Section 1021.5, California Business

21    and Professions Code Section 17200, *et seq.*, 29 U.S.C. Section 216(b), or any other basis.

22    AS AND FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

23    alleges that:

24    This Court lacks jurisdiction over the subject matter of this action because Plaintiffs

25    are contractually obligated to submit their claims to binding arbitration pursuant to California

26    Arbitration Act ("CAA"), California Code of Civil Procedure Section 1280, *et seq.*, and specifically

27    Section 1281.2 of the California Code of Civil Procedure.

28    AS AND FOR AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

**AFFIRMATIVE DEFENSES**

1    Defendant alleges that:

2

3         This Court lacks jurisdiction over the subject matter of this action because Plaintiffs

4    are contractually obligated to submit their claims to binding arbitration pursuant to the Federal

5    Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*

6         AS AND FOR A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE,

7    Defendant alleges that:

8         Plaintiffs' Complaint and each cause of action set forth therein are barred because

9    Plaintiffs failed to timely and completely exhaust their remedies and/or provide required notices

10   pursuant to the California Private Attorneys General Act of 2004, California Labor Code section

11   2698, *et seq.*, (hereinafter the "Private Attorney's General Act" or "PAGA") or to exhaust their

12   requisite administrative and/or contractual remedies available to them under the California Labor

13   Code prior to commencing this action.

14        AS AND FOR A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,

15   Defendant alleges that:

16        PAGA imposes excessive fines in violation of Amendment 8 of the California

17   Constitution.

18        AS AND FOR A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges that:

20        The fines imposed by PAGA violate the substantive due process guaranteed by

21   Article I, section 7 of the California Constitution and the Fourteenth Amendment of the United

22   States Constitution.

23        AS AND FOR A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,

24   Defendant alleges that:

25        Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, are not entitled to

26   recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties

27   for the same claims, and such duplicative recovery is barred and constitutes unjust enrichment.

28        AS AND FOR AN SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85824928.1 025360.1102                    3.                    Case No. RG08393484

AFFIRMATIVE DEFENSES

1   Defendant alleges that:

2

3          The amount of time Plaintiff spent engaged in the preliminary and postliminary

4   activities for which he claims to be seeking compensation was *de minimus*, and thus not

5   compensable.

6          WHEREFORE, Defendant seeks judgment against Plaintiffs as follows:

7          1.      Dismissing Plaintiffs' Complaint on the merits and with prejudice;

8          2.      Awarding Defendant its attorneys' fees, costs and disbursements; and

9          3.      Awarding such other relief as the Court deems just and equitable.

10  Dated: July 23, 2008

11

12                                          MARLENE S. MURACO
                                            TODD K. BOYER
13                                          LITTLER MENDELSON
                                            A Professional Corporation
14                                          Attorneys for Defendant
                                            CONNECTICUT GENERAL LIFE
15                                          INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85824928.1 025360.1102                    4.                              Case No. RG08393484

**AFFIRMATIVE DEFENSES**

**PROOF OF SERVICE BY MAIL**

1

2              I am employed in Santa Clara County, California. I am over the age of eighteen years

3   and not a party to the within-entitled action. My business address is 50 West San Fernando Street,

4   15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for

5   collection and processing of correspondence for mailing with the United States Postal Service. On

6   July 23, 2008, I placed with this firm at the above address for deposit with the United States Postal

7   Service a true and correct copy of the within document(s):

8              GENERAL DENIAL AND AFFIRMATIVE DEFENSES

9              in a sealed envelope, postage fully paid, addressed as follows:

10  Eric M. Epstein, Esq.                    ATTORNEYS FOR PLAINTIFFS
    Eric M. Epstein, APC                     JOSH HAZEL, on behalf of himself,
11  1901 Avenue of the Starts, #1100         the general public, and all others
12  Los Angeles, CA 90067-6002               similarly situated

13  Walter Haines, Esq.
    United Employees Law Group, PC
14  65 Pine Avenue #312
15  Long Beach, CA 90802

16
    Mark R. Thierman, Esq.
17  Thierman Law Firm
    7287 Lakeside Drive
18  Reno, NV 89511

19             Following ordinary business practices, the envelope was sealed and placed for

20  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

21  the United States Postal Service on this date.

22             I declare under penalty of perjury under the laws of the State of California that the

23  above is true and correct.

24             Executed on July 23, 2008, at San Jose, California.

25

26
                                              _____
27                                                April Ignaitis

28
Firmwide:85973117.1 025360.1102

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose  CA  95113 2303
408 998 4150

Case Number: RG08 393484