UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSH HAZEL, on behalf of himself, the general public, and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 08-cv-03552-MMC<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING FINAL APPROVAL HEARING<br><br>Date:　　　July 10, 2009<br>Time:　　　9:00 a.m.<br>Courtroom: 7<br>Judge:　　　Hon. Maxine M. Chesney |

　　　　The joint motion of Plaintiff Josh Hazel and Defendant Connecticut General Life Insurance Company (collectively the "Settling Parties") for an order preliminarily approving a class action settlement and setting a Final Approval Hearing, came on for hearing on July 10, 2009. The Court has considered the Joint Stipulation of Class Settlement and Release, the proposed notices to the Class Members, the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court at the hearing granted preliminary approval of the class action settlement, subject to the parties' submission of class notices that were revised in accordance with the instructions provided by the Court at the hearing. Revised class notices having been submitted, the Court hereby finds and orders as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Joint Stipulation of Class Settlement and Release executed by the Settling Parties and filed with this Court, including those amendments thereto, (the "Joint Stipulation").

2. The Court finds on a preliminary basis that the Settlement memorialized in the Joint Stipulation is within the range of reasonableness and hereby grants preliminary approval of the Settlement.

3. The Court conditionally finds that, for the purposes of approving this Settlement only and for no other purpose and with no other effect on the Action, including no effect on the Action should the Joint Stipulation not ultimately be approved or should the Final Effective Date not occur, the proposed California Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed California Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed California Class; (c) the claims of Plaintiff are typical of the claims of the members of the proposed Class; (d) Plaintiff will fairly and adequately protect the interests of the California Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative is qualified to serve as counsel for the Class Representative in his own capacity as well as his representative capacity and for the California Class.

4. The Court conditionally finds that, for the purposes of approving this Settlement only and for no other purpose add with no other effect on the Action, including no effect on the Action should the Joint Stipulation not ultimately be approved or should the Final Effective Date not occur, the proposed FLSA Class meets the requirements for certification as a collective action pursuant to 29 U.S.C. section 216(b) in that Plaintiff is similarly situated to the other members of the FLSA Class.

5. The Court hereby appoints Josh Hazel as Class Representative for the California and FLSA Classes and Eric Epstein, APC, the Thierman Law Firm and the United Employees Law Group as Class Counsel.

6. The Court hereby appoints Simpluris, Inc. as the Claims Administrator.

7.      The Settling Parties have also presented to the Court for review a plan to provide notice to the proposed Classes of the terms of the Settlement and the options facing them including, *inter alia*: to make a claim under the Settlement, to object to the Settlement or (for the California Class only) to request exclusion from the Settlement. The notice plan proposed by the Settling Parties in the Joint Stipulation is the best practical under the circumstances. The Notice of (1) Proposed California Class Settlement and (2) Final Settlement Approval Hearing ("California Class Notice"), California Class – Exclusion Form, California Claim Form, Notice of (1) Proposed FLSA Class Settlement and (2) Final Settlement Approval Hearing ("FLSA Class Notice"), and FLSA Claim Form attached hereto as Exhibits 1-5, are hereby approved. The Claims Administrator shall mail Exhibits 1-3 to the California Class Members and Exhibits 4-5 to the FLSA Class Members pursuant to the applicable provisions in the Joint Stipulation. CGLIC shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Joint Stipulation.

8.      The Court hereby establishes the following deadlines:

| Date | Deadline |
|---|---|
| **August 6, 2009** | Deadline for Claims Administrator to mail California Class Notice, California Claim Form and Exclusion Form to California Class Members and to mail FLSA Class Notice and FLSA Claim Form to FLSA Class Members. |
| **September 21, 2009** | Deadline for California and FLSA Class Members to postmark or deliver objections to the Settlement to the Claims Administrator. |
| **October 5, 2009** | Deadline for FLSA and California Class Members to postmark or deliver Claim Forms to the Class Administrator and Deadline for California Class Members to postmark or deliver Exclusion Forms to the Claims Administrator. |
| **October 16, 2009** | Deadline for Class Counsel to file and serve motion for final approval of Settlement and motion for attorney's fees, costs, and Class Representative payment. |

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF SETTLEMENT         3.         (No. 3:08-cv-03552-MMC )
AND SETTING FINAL APPROVAL HEARING

**November 20, 2009 at 9:00 a.m.**    Final Approval Hearing

9. Individual Class Members may be heard at the Final Approval Hearing, either personally or through their counsel, only if they serve on the Claims Administrator, on or before September 21, 2009, a written objection to the Settlement and/or a written notice of their intention to appear at the Final Approval Hearing.

10. Class Counsel shall respond to any written objection to the Settlement in their motion for final approval, which motion shall be filed and served on or before October 16, 2009. In addition, at the Final Approval Hearing, Class Counsel shall be prepared to address any objections to the Settlement and to provide other information as appropriate bearing on whether or not the Settlement should be finally approved.

11. In the event that the Final Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Final Effective Date does not occur for any reason whatsoever, the Joint Stipulation shall be deemed null and void and shall have no effect whatsoever.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 17, 2009

_____
The Honorable Maxime M. Chesney
United States District Judge